ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

2006 JAN 31  AM 8: 20

CLERK _L. Flender_
SO. DIST. OF GA.

## DUBLIN DIVISION

JULIO ENRIQUE URBINA,       )
                            )
        Movant,             )
                            )
    v.                      )       CV 305-60
                            )       (CR 303-9)
UNITED STATES OF AMERICA,    )
                            )
        Respondent.         )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Movant filed a motion to vacate, set aside, or correct his sentence under Title 28,

United States Code, Section 2255. The government has filed its response to the motion. For

the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the Section

2255 motion be **DENIED,** and that this civil action be **CLOSED.**

### I. BACKGROUND

On May 9, 2003, a grand jury sitting in the Southern District of Georgia indicted

movant on the charge of illegal re-entry after deportation, a violation of Title 8, United States

Code, Sections 1326(a), (b). The indictment listed as prior offense conduct movant's July

15, 1993, conviction for sale of a controlled substance, a parole violation after that

conviction, a July 15, 1993, conviction for sale of a controlled substance, an August 12,

1996, conviction for illegal re-entry after deportation, a January 4, 2000, conviction for burglary, and a February 3, 2001, conviction for driving under the influence.

Movant pleaded guilty to the re-entry charge and was sentenced on March 22, 2004, to eighty-four months in prison and three years supervised release. Movant did not appeal the sentence.

Movant filed the instant motion on March 22, 2005. In the motion, he alleges that he received a 16-level increase in his Sentencing Guidelines range calculation in violation of "a Supreme Court ruling."

## II. DISCUSSION

While movant does not cite the "Supreme Court ruling" on which he relies, the Court presumes that he refers to the Supreme Court's decision in Booker v. United States, 543 U.S. 220, 125 S. Ct. 738 (2005), where the Court held that the Sentencing Guidelines are unconstitutional as applied mandatorily. The Eleventh Circuit has recognized that neither Booker nor its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), is retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

The district judge entered judgment in movant's case on March 23, 2004. His conviction became final on April 6, 2004, after the time for filing a notice of appeal had elapsed. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (recognizing that conviction becomes final after time for notice of appeal has elapsed). The Supreme Court issued both Blakely (June 24, 2004) and Booker (January 12, 2005) after movant's

conviction became final. Thus, the rule of neither case was available at the time of movant's conviction, and, because neither rule is available retroactively, movant should not obtain Section 2255 relief under either rule.

The Court also notes that movant received his Guidelines enhancement based on prior convictions. To the extent that movant now challenges an enhancement based on a prior conviction, his challenge fails because <u>Booker</u> applied the Court's rule in <u>Apprendi v. United States</u>, 530 U.S. 466 (2000), where the Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S. Ct. at 756 (restating <u>Apprendi</u> standard). Thus, the <u>Apprendi</u> rule, as applied in <u>Booker</u>, is not applicable to enhancements applied based on prior convictions. <u>See</u> <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1316 (11th Cir. 2005) (applying <u>Booker</u> in context of U.S.S.G. § 2L1.2(b)(1)(A) enhancement for prior convictions, which movant received, and finding no "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge").

## III. CONCLUSION

For the foregoing reasons, the Court finds that movant is not entitled to relief under Section 2255. The Court therefore **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3/<u>0</u> day of <u>January</u> 2006, at

Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE